This matter, which was subject of the prior Industrial Commission Award that defendant-employer is seeking to set aside pursuant to the provisions of G.S. § 97-17, was heard in part by the Deputy Commissioner on November 16, 1995 in Nashville. Prior to the initial hearing the parties entered in a Pre-Trial Agreement, which is hereby incorporated by reference as if fully set out herein and where they agreed to a number of jurisdictional and other factual stipulations. By subsequent Order thereof, the parties were allowed a reasonable period of time to obtain, either by deposition at defendant's expenses or affidavit, the testimony of Calvert L. Batt and Trooper A. T. Richardson and have since not only agreed to submit affidavits from both witnesses in lieu of their depositions, but submitted statements of contention. Therefore, the same stands ready for appropriate final disposition and for the purpose thereof the Industrial Commission's prior Award is hereby incorporated by reference as if fully set out herein.
The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner. Neither party here requested the Full commission to receive further evidence or to rehear the parties or their representatives. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
Accordingly, the Full commission find as fact and conclude as matters of law the following, which were entered into by the parties as
The Full Commission adopt as their own all findings of fact found by the Deputy Commissioner, as follows:
FINDINGS OF FACT
1. Plaintiff is a 35 year old male, who currently works for Fulford Antiques, but at the time in question was employed by defendant-employer's paperback and magazine distribution business as a routeman responsible for the sale and delivery of paperbacks and magazines in one of his employer's trucks.
2. At approximately 2:00 p. m. on Friday, April 15, 1994, at the end of the work week, plaintiff was returning to Rocky Mount after making a delivery to the Greenville area when he ran off the road resulting in the vehicle accident that was subject of the prior Industrial Commission Award that defendant-employer now seeks to set aside pursuant to the provisions of G.S. §97-17.
3. That same day plaintiff was admitted to Pitt County Memorial Hospital for treatment of his injuries and as a result of those injuries was totally incapacitated from work during the period from April 16, 1994 to June 1, 1994, when he returned to work for his present employer.
4. Although plaintiff did not speak with defendant-employer about the involved automobile accident until the following Monday, April 18, 1994, the premises route supervisor was aware of the accident on Friday afternoon. When plaintiff returned to the office on Monday to speak with defendant-employer's Secretary/Treasurer and Principal, Calvert L. Batt, about the circumstances of the accident, Mr. Batt was already aware that alcohol was involved in the same accident because he not only specifically asked plaintiff how much he had to drink, but whether the blood alcohol testing had been done at the hospital and, if so, the results of the same test. In response plaintiff admitted that he had been drinking, but did not know how much. He further admitted that a blood alcohol test had been done, but did not know the results of the same test. The day after the accident he was charged with driving under the influence by the investigating Highway Patrolman, Trooper A. T. Richardson, and ultimately pled guilty to the same offense after the disputed Industrial Commission Award was entered.
5. Notwithstanding what he might now believe, at the time of the accident and his subsequent conversation with defendant-employer's principal, Calvert Batt, about the circumstances of it, plaintiff did not believe that he was intoxicated or that alcohol played a role in the accident. Thus, he did not intentionally mislead defendant-employee about the circumstances of his accident. Defendant-employer was aware that alcohol was involved in the accident within three days thereafter. Plaintiff did not deny that he had been drinking. Defendant-employer could have made a further investigation of the circumstances surrounding plaintiff's injury prior to entering the Form 21, Agreement for Compensation for Disability, that was subsequently approved by the Industrial Commission on May 16, 1994, thereby becoming a binding final Award of the Commission, including as part thereof, taking a recorded statement of plaintiff or obtaining a copy of the accident report, but rather, did not do so until after the Award was entered. While the servicing agent handling defendant-employer's claim may not have been aware of the involvement of alcohol until after the accident report was received on or about May 25, 1994, defendant-employer was aware of it by Monday, April 18, 1994, and that notice is imputed to the same servicing agent.
6. After paying only one week of benefits, defendant-employer unilaterally stopped payment of the compensation benefits that were due under the prior Award without authorization and approval of the Industrial Commission resulting in plaintiff being entitled to a ten percent late penalty payment because defendant-employer has not yet paid plaintiff compensation for his resulting period of disability from April 16, 1994 to June 1, 1994.
**********
Based upon the findings of fact as found by the Deputy Commissioner and adopted by the Full Commission, the Full Commission find as follows:
CONCLUSIONS OF LAW
1. Defendant-employer is bound by the Industrial Commission's prior Award because it has failed to show that the same Award was entered in error due to fraud, misrepresentation, undue influence or mutual mistake (of fact). G.S. § 97-17.
2. As a result of the injury by accident giving rise hereto, plaintiff was temporarily totally disabled from April 16, 1994 to June 1, 1994 entitling him to compensation at a rate of $300.01 per week, subject to a credit for the one week's compensation paid under the Industrial Commission's prior Award.
3. For the reasons stated in the above findings of fact plaintiff is entitled to a ten percent late penalty for the compensation benefits due under the above Award, which computes to be $171.44. G.S. § 97-18.
**********
Based upon these conclusions of law, the Full commission have determined there exists no basis for amending the Award. Accordingly, the foregoing stipulations, findings of fact, and conclusions of law engender the following:
AWARD
1. Defendants shall pay plaintiff, on account of his temporary total disability, compensation at a rate of $300.01 per week during the period from April 16, 1994 to June 1, 1994. Such compensation having accrued the same shall be paid in a lump sum, without commutation, subject to a reasonable attorney fee hereinafter approved, a credit for the one week of compensation benefits paid under the Industrial Commission's prior Award and a ten percent late payment penalty in the amount of $171.44.
2. A reasonable attorney fee in the amount of twenty-five percent of the accrued compensation benefits due under the above Award is hereby approved for plaintiff's counsel, which shall be deducted from the same Award and forwarded directly thereto.
3. Defendants shall pay all reasonable and necessary medical expenses incurred by plaintiff as a result of the injury by accident giving rise hereto when bills for the same are submitted in accordance with Industrial Commission rules.
4. Defendants shall bear the cost.
This the __________ day of ___________________, 1998.
 S/ _________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ ____________________ THOMAS J. BOLCH COMMISSIONER
S/ ____________________ BERNADINE S. BALLANCE COMMISSIONER